## J. JOSEPH GALLAGHER *v.* JACOB KORNBLATT
### ET AL.

*Review on Appeal—Motion For New Trial—Matters Not Apparent on Record—Waiver of Demurrer—Plea to Amended Declaration.*

The ruling on a motion for a new trial is not reviewable in the Court of Appeals.                              p. 306

When the record contains neither testimony nor exceptions, the only matters which can be considered on appeal are rulings which are an integral part of the record itself, such as a ruling on a demurrer or on a motion in arrest of judgment.      p. 306

Where a motion in arrest of judgment is based on matters not apparent on the face of the proceedings, and the record fails to set forth the evidence, if any, which may have been submitted in respect thereto, the Court of Appeals cannot review the rulings on such motion, but will assume that they were correct.                                          p. 306

The effect of a plea to an amended declaration was to waive any objection to its legal sufficiency, but to deny the facts alleged therein.                                  p. 306

Where defendant pleads to an amended declaration, substituted for the original declaration, and the case is tried thereon, the defendant is not injured by any faults or defects in the original declaration, since, by pleading to the amended declaration, he in effect declares himself satisfied that the facts alleged in it set forth a good cause of action.            pp. 306, 307

Where, in an action for damage to property, the amended declaration was predicated upon the fact that the title to the property was in two persons, while the original declaration stated that it was in one, *held* that the amended declaration must be regarded as a pleading *de novo.*                   p. 307

The negligent maintenance of a rain spout on a building in such a condition of disrepair that water therefrom injures a wall on adjoining property constitutes an actionable tort.  p. 307

*Decided December 10th, 1925.*

Appeal from the Baltimore City Court (DAWKINS, J.).

Action by Jacob Kornblatt against J. Joseph Gallagher, the declaration in which was amended by leave of court by the insertion of the name of Anna Kornblatt as a party plaintiff. From a judgment for plaintiffs, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*J. J. Gallagher,* for the appellant.

*J. Charles Fagan,* submitting on brief, for the appellees.

OFFUTT, J., delivered the opinion of the Court.

Jacob Kornblatt, one of the appellees in this case, on May 1st, 1924, filed in the Baltimore City Court a declaration against J. Joseph Gallagher, the appellant, in which he stated that he owned property known as 674 Bradley Street in Baltimore City and that the defendant owned the adjoining property, known as 676 Bradley Street, and that he, Gallagher, permitted a "rain spout running along the roof of his said property and immediately adjoining that of the plaintiff to be and remain in such a decayed and rusty condition, that the same became a nuisance and full of holes, through which holes the rain water would flow and drop upon the defendant's ground also adjoining the plaintiff's wall, and against the plaintiff's wall and premises, causing same to be in a wet and soggy condition and weakening said wall thereby and damaged said plaintiff's property otherwise"; and that in consequence of these conditions, due to defendant's negligence, the tenants of the appellee vacated his property, he lost the rental thereof, and that he was compelled to repair his premises.

The defendant first pleaded to that declaration, but subsequently with the leave of the court withdrew his pleas and demurred to it on the grounds (1) that it was insufficient in law, and (2) that it failed to make proper parties plaintiff.

On February 19th, 1925, that demurrer was overruled and thereafter on the same day the plaintiff, with the leave of the court, amended the *nar.* by interlining the name of Anna Kornblatt as a party plaintiff, to which the defendant pleaded the general issue, upon which issue was joined. On the same day the case was tried before a jury, which returned a verdict for the plaintiffs. Two days later the defendant moved for a new trial, and when that motion was overruled he filed a motion in arrest of judgment, based upon matters extrinsic to the record, which was also overruled. He then took this appeal. The motion for a new trial is not reviewable in this court (*Myers v. State,* 137 Md. 487), and as the record contains neither testimony nor exceptions, the only matters presented by it which we can consider at all are the rulings of the court which are an integral part of the record itself, such as its ruling on the demurrer and the motion in arrest of judgment. *Davis v. Carroll,* 71 Md. 569. And since the motion in arrest of judgment in this case is based upon matters not apparent on the face of the proceedings and since the record fails to set forth the evidence, if any there was, which may have been submitted in respect to it, for that reason alone and irrespective of any other consideration, this Court cannot review the rulings of the trial court in respect to it, but will assume that they were correct. *Harrison v. Ridgely,* 141 Md. 242.

The only other question presented by the appeal is the propriety of the ruling of the trial court on the defendant's demurrer to the plaintiff's original declaration.

But after that ruling the plaintiff amended his declaration by adding an additional party plaintiff, and the appellant not only failed to demur to the amended declaration, but pleaded thereto.

The effect of that plea was to waive any objection to the legal sufficiency of the amended declaration, but to deny the facts alleged in it. 6 *Encyc. Pl. & Pr.* 382. The case was tried upon the amended declaration and not upon the original, and no matter how faulty or defective the original may

have been the appellant was not injured thereby, because by pleading to the amended *nar.*, which was substituted for the original, he in effect declared that he was satisfied that the facts alleged in it set forth a good cause of action. *Pennsylvania Produce Exchange v. American Ry. Express Co.,* 147 Md. 424; *Tierney v. Duffy,* 59 Miss. 364; *Efroymson v. Smith,* 29 Ind. Ap. 451; *Wilson v. Pearson,* 102 N. C. 293; *Ellinger v. Baltimore City,* 90 Md. 699; 1 *Chitty on Pleading* (5th Am. Ed.), 329; *Mitchell v. Williamson,* 9 Gill, 771; *Medairy v. McAllister,* 97 Md. 490; *Lake v. Thomas,* 84 Md. 622; 2 *Poe, Pl. & Pr.,* 189; 31 *Cyc.* 464.

For the purposes of the question before us the amended *narr.* must be regarded as a substitute for the original. It was predicated upon the fact that the title to the damaged property was in two persons, while the original stated that it was in one. Defenses which might have been asserted against the amended pleading might not have been available against the original. The change wrought by the amendment was substantial, and met at least one of the objections which the appellant urged against the original, and it must be regarded as a pleading *de novo.*

But even if we could consider the demurrer to the original declaration, we would necessarily concur in the judgment of the trial court. That the acts complained of constituted an actionable tort cannot be disputed (*Mylander v. Beimschla,* 102 Md. 692), and it affirmatively alleged that Jacob Kornblatt alone was the owner of the damaged property, and that the defendant owned the property which caused the damage, and that the damage resulted from his negligence.

It follows therefore that the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*