STATE, TO USE OF HAZEL W. SCRUGGS *v.* BALTI-
MORE TRANSIT COMPANY ET AL.

[No. 59, October Term, 1939.]

*Decided December 13th, 1939.*

The cause was argued before BOND, C. J., OFFUTT,
PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and
DELAPLAINE, JJ.

*G. Randolph Aiken,* with whom were *Joseph T. Parr*
and *Aiken & Krieger* on the brief, for the appellant.

*James J. Lindsay* and *Philip S. Ball,* submitting on
brief, for the Baltimore Transit Company, appellee.

*Wiliam L. Marbury, Jr., Jesse Slingluff, Jr., L. Wethered Barroll,* and *Marbury, Gosnell & Williams,* submitting on brief, for Nelson Mahone, appellee.

PARKE, J., delivered the opinion of the Court.

The action in the pending case was brought by the State of Maryland to the use of the surviving widow of William L. Scruggs against the Baltimore Transit Company, a corporate public carrier, and Nelson Mahone, defendants, to recover under the statute (Lord Campbell's Act), for the alleged negligent death of the husband in a collision between the automobile truck of the carrier and an automobile driven by the defendant Nelson Mahone, at where the western terminus of Center Street enters the eastern side of Howard Street. The case was tried before a jury and resulted in a verdict against both the defendants. Before the verdict was extended, the carrier filed a motion for a new trial. The usual grounds of such a motion were given: That the verdict (1) is against the evidence; and (2) is against the weight of the evidence; and (3) that the damages awarded are excessive; (4) and that evidence is newly discovered; (5) that the court was guilty of error in its instructions to the jury, and, (6) that other reasons would be assigned at the hearing of the motion. A seventh ground assigned was misconduct of the jury. The defendant Mahone filed a separate motion, which differed in naming but three grounds. Two of these were like the third and sixth of the carrier's, while the third was for errors in rulings of the court on the testimony. After these motions, the proceedings relative to the motions became somewhat complicated, and resulted eventually in the parties appearing before the trial judge, where testimony was heard with reference to the alleged misconduct of certain of the jurors. In the course of these proceedings, the plaintiff raised numerous questions of procedure, of the capacity of witnesses to testify and of the admissibility, relevancy and materiality of the evidence, and of its legal sufficiency to support a new

trial. At the close of the testimony and of the hearing, the court gave the questions of law and of fact painstaking and careful consideration, and filed an opinion in which the whole matter was weighed, and the reasons of the trial court for granting the motion were stated. The order of court setting aside the verdict and granting a new trial was filed on June 20th, 1939.

On June 27th, the plaintiff filed a motion to strike out the order directing a new trial, which was, by its own averment, based principally on the alleged improper admission of the testimony produced by the carrier at the hearing in connection with the preceding motion for a new trial. Consistently with its previous ruling, the court denied on June 29th, 1939, this motion. Whereupon the plaintiff presented the court with a petition for a writ of error to bring before this tribunal for review the two orders of June 20th and 29th. The court allowed the writ of error as prayed on July 18th. The following day appeal was entered by the plaintiff from the same two orders. The writ of error and the two appeals come up on one record and are docketed as though a single appeal.

The defendants have made a motion in this court to dismiss the two appeals and the writ of error. The court is clearly of the opinion that the action of the trial court in overruling the plaintiff's motion to strike out the order granting a new trial, and in its awarding a new trial, go to the discretion of the trial court in granting or refusing a new trial, and cannot be made the subject of review on appeal on the facts and circumstances of this record. Nor can the court fail to express its disapproval of the improper combination in one record of a writ of error and appeal, as is exemplified in the matter now before the court. *Alexander's British Statutes* (Coe's Ed.), p. 282; *Evan's Practice* (2nd Ed.), 437; *Rutherford v. Pope,* 15 Md. 579; *Seth & Lowe v. Chamberlaine,* 41 Md. 186; *Balto. & O. R. Co. v. Brydon,* 65 Md. 198, 222, 611, 3 A. 306, 9 A. 126; *Hartlove v. Bottling Co.,* 160 Md. 507, 153 A. 850; *Anderson v. State,* 5 H.

454

& J. 174, 175; *Coblentz v. State,* 164 Md. 558, 576, 166 A. 45; *Gallagher v. Kornblatt,* 149 Md. 304. 131 A. 450; *Pugaczewska v. Maszko,* 163 Md. 355, 360, 163 A. 205. Compare *Green v. Hamilton,* 16 Md. 317, 327; *Waters v. Waters,* 28 Md. 11, 22, 23; *League v. State,* 36 Md. 257, 264; *Hall v. Holmes,* 30 Md. 558; *Merrick v. Balto. & O. R. Co.,* 33 Md. 481. See *Washington, B. & A. E. R. Co. v. Kimmey,* 141 Md. 243, 118 A. 648

From this group of cases it is obvious that the general rule in Maryland is that an appeal does not lie from the order of the trial court in disposing of a motion for a new trial, as the determination of the court is in the exercise of a sound discretion. The discretionary power so reposed is a high prerogative to be exercised for the purpose of assuring a sound, correct, and impartial judicial trial. In the discharge of this function, should the court observe or have discovered those errors in law and of conduct which occur to the prejudice of a fair, orderly, and impartial consideration of the evidence and rendition of the verdict, and should these irregularities and errors be sufficiently grave in nature or effect, the court nullifies the untoward result of the misconduct or error forthwith without the delay attendant on an appeal. When granted, the beneficial procedural incidence of the order is to reestablish the equality in law of the parties, which was lost, by restoring them to the position of the litigants at the beginning of the trial before a jury. Since the remedy is not of right, the combination of power and personal responsibility reposed in the trial court tends to assure careful consideration and a justified determination. The benefits contemplated by the remedy would be largely frustrated if the procedure became dependent upon a compliance with artificial and technical pleadings and practice and evidence, which would become questions on appeal; and and, so, the aggrieved party is generally entitled to no more than an opportunity to a court and a hearing.

The procedural matters are regulated by the trial court according to the exigencies of the motion. It is

only where the action of the court has in fact denied to the party some substantial right, which goes not to form, but mounts to a denial of the right, that a review is entertained on appeal. The appeal in the case of *Washington, B. & A. E. R. Co. v. Kimmey,* 141 Md. 243, 118 A. 648, exemplifies this point. In that decision, the trial court had, by its action on a motion of *ne recipiatur,* refused, in effect, to entertain the motion for a new trial. 141 Md. page 249, 118 A. 648. Here no such course was pursued. Since nothing is found to have been done in the case at bar which was not in the exercise of the sound discretion of the court, the appeals will be dismissed.

*Motion of the appellees filed in this court to dismiss the appeals is granted.*

*Appeals dismissed, with costs to the appellees.*