REPHANN *v.* ARMSTRONG ET AL.

(Two Appeals in One Record)
[No. 298, September Term, 1957.]

*Decided May 21, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*William H. Geppert* and *Hugh A. McMullen,* with whom were *Gunter & Geppert* on the brief, for the appellant.

*Earl Edmund Manges* for the appellees.

PER CURIAM.

The appellant, driver of an automobile that injured Mrs. Betty Lee Armstrong, appeals from a judgment in her favor for pain and suffering and permanent injury as well as from a judgment in favor of her husband for her medical expenses and other special damages, and loss of *consortium.* The accident induced a miscarriage. The errors complained of by the appellant are that the trial court wrongly admitted into evidence medical testimony relating to the death of the baby and that the jury must have awarded damage for the loss of the child, even though the court charged them that they could not do so.

Appellant concedes that the doctor who attended Mrs. Armstrong properly testified that she was eight months pregnant and that she suffered a miscarriage occasioned by the accident. He argues, however, that the doctor should not have been allowed to exhibit to the jury an x-ray of the mother's pelvis, to explain the bone structure of the mother and the child and to say that the child's bone structure indicated that the baby had died shortly after the accident, and before the miscarriage. There was no objection to the use of the x-ray and appellant's counsel did not in terms object to the testimony but did say he did not think it "proper". Treating the testimony as admitted over objection we see no error. To prove damage on this aspect of the case Mrs. Armstrong had to show that the death of the child and the miscarriage resulted from the accident and that the death did not come from independent injury. The doctor's testimony was relevant and pertinent on this issue.

The essence of appellant's complaint as to the amount of the verdicts is that they were excessive and that their amounts indicate that the jury awarded compensation for the loss of the baby. The court's charge told the jury that "You cannot allow any damages for the loss of the child." There was

neither exception to the charge nor request to supply an omission in it as Maryland Rules 554 d and e contemplate if this Court is to consider alleged errors in a charge. Almost never is the size of a verdict a matter for review by this Court. In any event the injuries sustained by Mrs. Armstrong, both temporary and permanent, would seem clearly to have justified the amount of the verdict in her favor, and the same can be said for the injuries to the legal rights of the husband. The trial court refused a new trial sought on the ground that the verdicts were excessive, and it is not our function or right, even were we disposed to do so, to pass on his action in this respect.

*Judgments affirmed, with costs.*