SMITH *v.* BARNHART ET AL.

[No. 255, September Term, 1960.]

*Decided May 18, 1961.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Marbury and Sybert, JJ.

*Sheldon A. Rubenstein,* with whom was *Carl W. Bacharach* on the brief, for the appellant.

*Milton I. Vogelhut* for Charles B. Caperton, one of the appellees.

Submitted on brief by *J. Kemp Bartlett, III,* and *Bartlett, Poe & Claggett* for Ellwood Barnhart and the C. V. Transport Company, the other two appellees.

PER CURIAM.

Nellie Smith was injured while riding as a passenger in an automobile driven by Charles B. Caperton in a westerly direction on Pratt Street, in Baltimore City, when it collided at the intersection of Pratt and Monroe Streets with a tractor trailer operated in a southerly direction by Ellwood Barnhart, and owned by the C. V. Transport Company. Traffic at the intersection was controlled by a conventional automatic traffic light, which was operating in good working order at the time of the accident. She brought suit against the operators of both vehicles and the owner of the tractor trailer, the appellees here. In response to a demand for admission or denial filed by the appellee Caperton, the appellant answered admitting that at the time the automobile in which she was a passenger entered the intersection the automatic traffic signal was green in favor of Caperton.

On May 9, 1960, Caperton moved the court to enter a dismissal in his favor under the pleadings and admissions. This motion was heard in chambers by Judge Allen who, on that date, granted the motion and entered judgment absolute in favor of Caperton for costs of suit. Later, on the same day, a jury was impaneled and the case was tried as to the remaining defendants. The jury, on May 10, returned their verdict in favor of the defendants Barnhart and C. V. Transport Company. On May 10, 1960, judgment *nisi* on the verdict was entered and on that date plaintiff filed a motion for judgment N.O.V. and in the alternative for a new trial as to all defendants. On June 6, 1960, the judge denied the motion for new trial, and judgment on the verdict was made absolute in favor of the defendants Barnhart and the Company for costs of suit. On June 29, 1960, the appellant noted an appeal to this Court from both judgments.

On this appeal the appellant seeks reversal, contending (1) that Judge Allen's ruling on the motion to dismiss by Caperton was in error and, (2) that the verdict of the jury with regard to Barnhart and the C. V. Transport Company was against the weight of the evidence.

Appellee Caperton in this Court filed a motion to dismiss the appeal. as to him because the order for appeal was not filed within thirty days after the entry of judgment in his favor. Maryland Rule 812 a provides that an order for appeal shall be filed within thirty days from the date of the judgment appealed from. The order for appeal was filed June 29, 1960, more than thirty days after the judgment in favor of Caperton on May 9. The judgment of May 9, 1960, in favor of Caperton was rendered by the trial judge on the pleadings and admissions as a summary judgment pursuant to Maryland Rule 610 d 1 and was a final and absolute judgment. The court directed that a "judgment absolute" be entered in favor of Caperton in contradistinction to a judgment *nisi* as provided in Rule 564 b, where a case is tried by the court without a jury. The appellant contends that her motion for judgment N.O.V. and in the alternative for a new trial, filed on May 10, 1960, which was not denied until June 6, 1960, prevented the thirty day period for appeal from beginning to run until the latter date. The appellant's motion was timely as to the judgment *nisi* in favor of Barnhart and the Transport Company, Rule 567 a, but it did not affect the final and absolute judgment in favor of Caperton. The summary judgment rule, 610 *supra,* makes no provision for a judgment *nisi* so that the thirty day period within which to appeal began to run from the date of the entry of the judgment in favor of Caperton on May 9, and was not tolled by the filing on May 10 of the motion for judgment N.O.V. or in the alternative for a new trial. The noting of the appeal on June 29 was too late, and under these circumstances Caperton's motion to dismiss the appeal must be granted.

As to the appellant's second contention that the verdict of the jury with regard to Barnhart and the Transport Company was against the weight of the evidence to such an extent as to be reversible, the appellant in her brief cites no cases or au-

thority of any sort in support of her claim. She noted no exception to the charge of the court to the jury and her appeal against these appellees raises no question of law. She merely argues that the verdict of the jury was against the weight of the evidence. This is the same argument that might have been, and probably was, made to the trial judge who refused to set aside the verdict of the jury. In her argument in this Court she seems to take the position that the trial court in denying a new trial abused his discretion in denying her motion. We find no showing of any facts which would take this case out of the general rule that the denial of a motion for a new trial is not appealable. *Maryland Lumber Co. v. Legum,* 197 Md. 483, 80 A. 2d 34.

*Appeal dismissed as to appellee Caperton, judgment affirmed as to other appellees, costs to be paid by the appellant.*