BRINAND (BRENAN) *v.* DENZIK

[No. 302, September Term, 1960.]

*Decided August 9, 1961.*

The cause was argued before BRUNE, C. J., and HAM-MOND, PRESCOTT, HORNEY and SYBERT, JJ.

*James L. Wray,* with whom were *William J. McWilliams* and *McWilliams & Melvin* on the brief, for appellant.

*George B. Woelfel,* for appellee.

SYBERT, J., delivered the opinion of the Court.

Mary Ellen Denzik, plaintiff-appellee, suffered injury to her back when the automobile she was driving was involved in a collision with an automobile driven by the defendant-appellant, Nannie Brinand. At the trial of Mrs. Denzik's suit against Miss Brinand the matter of negligence was not in issue, it being conceded by the latter. The sole question submitted to the jury was the amount of damages due Mrs.

Denzik. The jury returned a verdict in the amount of $7,479.00. After judgment nisi was entered against her, Miss Brinand filed a timely motion for a new trial which the court denied, directing the entry of final judgment. Miss Brinand appealed from the judgment.

At the trial, Mrs. Denzik testified that prior to the accident she had worked as a clerk-cashier in a grocery store and earned $25.00 a week. She said she had not been able to work since the accident, though she had tried once. She was 24 years of age at the time of the accident. Dr. Landmesser, a specialist in orthopedics, testified that Mrs. Denzik had a permanent injury to her low back, but did not estimate a percentage of disability. He stated that she would not be able to work at any employment which would require repeated bending over and straightening up, or lifting articles, as was true in her prior job, but could engage in other work not involving such activities. No evidence was offered to prove Mrs. Denzik's life expectancy.

The only contention of Miss Brinand in this Court is that the trial court erred in denying her motion for a new trial in that it failed to consider a certain piece of paper on which the jury foreman had tabulated the damages.

The background of the controversial piece of paper was created by counsel for Mrs. Denzik in his closing argument, after the court's instructions had been given to the jury. The attorney summed up for the jury the medical findings described by Dr. Landmesser and the actual damages suffered by Mrs. Denzik. Then, in attempting to suggest a figure for permanent disability, he continued substantially as follows, as described in appellant's brief: [1]

> "Dr. Landmesser has told you that this lady has suffered a permanent injury. He did not state a percentage of disability, but suppose that it was ten percent of her low back, which is not a very large disability. If it was ten percent, and she was making $25.00 a week at the time of the accident, that's

---

1. Argument of counsel does not appear in the record. Counsel for appellee did not dispute appellant's version of what he said.

$2.50 a week, or $130 a year. This girl has a life expectancy of 40 years, so that totals $5,200."

Counsel for Miss Brinand objected immediately and the trial judge sustained the objection and instructed counsel for Mrs. Denzik to refrain from such references. No further argument along these lines was made. Miss Brinand's counsel made no further issue of the allegedly objectionable remarks.

After argument of counsel was concluded, the jury retired to consider its verdict, which it returned in favor of Mrs. Denzik in the amount of $7,479.00. Thereupon the jurors left the box and the foreman gave the clerk the narr and a copy of the jury list on the back of which appeared the tabulation of damages which gave rise to this appeal. The figures were not seen by the clerk until after the jurors had gone, the judge had retired and counsel were leaving the courtroom. Counsel were called back by the clerk to note how the jury had made up their verdict.

The notations on the back of the jury list read as follows:

"Auto .............. 600.00

Drs. .............. { 67.00
150.00
85.00

X-ray .............. 57.00
Brace .............. 50.00
Treatments .......... 20.00

---

1029.00 Actual Exp.
1250.00 Salary Loss

---

2279.00
5200.00 - 10% dis. for 40 yrs.

---

7479.00 - total

Favor of Plaintiff
4/22/60

/s/ J. Irving Waters,
*Foreman.*"

In moving for a new trial Miss Brinand pointed to this paper to support her argument that the verdict as to the amount of damages was against the evidence, and that the only foundation for the jury's specification of "5,200.00—10% dis. for 40 yrs.", which she translates as "$5,200.00 for ten percent permanent partial disability for 40 years", was the allegedly improper closing argument of Mrs. Denzik's counsel. She attacks as erroneous the refusal of the trial court to grant her motion, grounding her appeal on the court's alleged failure to consider the notations on the paper in ruling on the motion, in light of the fact that there was no evidence of the extent of Mrs. Denzik's disability or of her life expectancy.

The record itself does not disclose what consideration, if any, the trial judge gave to the paper handed in by the jury foreman. No transcript of the proceedings on hearing of the motion for a new trial was supplied. However, we think it is fair to assume, since the motion for a new trial was prompted by the existence of the paper, that it was discussed at the hearing of the motion and considered by the court, but found not to have controlling weight.

Appellee contends there was no impropriety in the remarks of her counsel. She points out that Dr. Landmesser definitely stated that her injuries had permanent consequences and described how her activities would be limited thereby. In support of the proposition that where there is evidence of permanent injury and of the age, health and habits of the plaintiff, as here, the jury may take notice of longevity in absence of proof of life expectancy, she cites the following authorities: 25 C.J.S., *Damages,* § 81, p. 594; 20 Am. Jur., *Evidence,* § 1215, p. 1066; 17 C.J., *Damages,* § 331, p. 1036; *McCaffrey v. Schwartz,* 132 Atl. 810 (Pa. 1926). She urges that her counsel was within the limits of propriety in suggesting a low percentage of disability for a life expectancy claimed to be conservative for a woman of the age, health and habits of the appellee. However, in view of our disposition of the case, we do not find it necessary to decide the question.

Even if we assume, without deciding, that the disputed remarks of appellee's counsel were improper, and that the jury were influenced by them, we find a compelling reason why

the appellant is not entitled to the relief sought. The record discloses that the appellant did not ask the trial court to declare a mistrial when the remarks were made, and did not then or at any time before the jury retired request the court to instruct the jury to disregard them. This being so, she has waived her right to object to the verdict. She has preserved no ground for appeal, and therefore this appeal raises no question of law. Clearly, if the appellant desired to protect herself against the possibility that the questionable remarks might influence the minds of the jurors, she had only to request the court to give a further instruction to the jury, fully and clearly advising them that the argument was not based on the evidence, and that therefore they could not base the verdict, or any part of it, on that argument. If such instruction had been requested and denied, the matter would have been preserved for review on appeal. Maryland Rules 554 d and e. As this Court stated in *Fox v. Balto. Transit Co.*, 194 Md. 403, 409, 71 A. 2d 470 (1950), "* * * a simple way to preserve a real point of law on appeal is to state it precisely in a prayer or requested instruction. The court need not in terms grant the requested instruction, but 'if the matter is not fairly covered by instructions actually given' the point can be preserved by objection to failure to give the requested instruction." See also *Smith v. Barnhart*, 225 Md. 391, 394-395, 170 A. 2d 766 (1961); *Rephann v. Armstrong*, 217 Md. 90, 93, 141 A. 2d 525 (1958).

The appellant's real complaint, of course, is the trial court's failure to grant a new trial. Appellant recognizes the general rule that a motion for a new trial is within the sound discretion of the trial court and its ruling is ordinarily not reviewable on appeal, *Cong. School v. Roads Commission*, 218 Md. 236, 146 A. 2d 558 (1958). She argues, however, that the trial court abused its discretion in denying the motion on the ground that the court's alleged failure to give due weight to the jury's tabulation of damages in reality amounted to a failure to exercise discretion at all, as in *Wash., B. & A. R. Co. v. Kimmney*, 141 Md. 243, 118 Atl. 648 (1922), where the trial court refused to consider evidence offered in support of a motion for a new trial, and thus, in effect, refused even to entertain the motion.

However, we find no abuse of discretion by the trial court in this regard. As noted, appellant had the opportunity to protect herself from any possible prejudicial effects of the allegedly improper remarks of counsel for appellee, but failed to do so. In the absence of any further action by appellant, there was no duty upon the trial court to make further reference to the matter. We were informed by appellee that in ruling on the motion the trial court did consider the jury's tabulation, but felt that the size of the verdict was not out of line. The court may have taken into account the fact that, according to the tabulation, no allowance was made for pain and suffering, as to which there was considerable testimony in the record. As was said in *Safeway Trails, Inc. v. Smith,* 222 Md. 206, 223, 159 A. 2d 823 (1960), it was for the trial judge to determine whether the verdict shocked his conscience, and here (as there) he determined that it did not.

In *State v. Balto. Transit Co.,* 177 Md. 451, 454, 9 A. 2d 753 (1939), it was stated that a ruling on a motion for a new trial is not appealable except where some substantial right is denied, and that "The benefits contemplated by the remedy would be largely frustrated if the procedure became dependent upon a compliance with artificial and technical pleadings and practice and evidence, which would become questions on appeal; and, so, the aggrieved party is generally entitled to no more than an opportunity to a court and a hearing."

We are unable to find that denial of the motion for a new trial deprived appellant of any substantial right, or that there was any abuse of discretion on the part of the trial court. Therefore the judgment will be affirmed.

> *Judgment affirmed, costs to be paid by appellant.*

HORNEY, J., filed the following dissenting opinion:

I am unable to agree with the majority that the denial of the motion for a new trial did not deprive the appellant of a substantial right. On the contrary I am convinced that denial of the motion under the singular circumstances in this case was not only prejudicial to the appellant but constituted in law an abuse of discretion on the part of the trial court.

It seems clear that the jury—by its unprecedented itemization of the amount of its verdict—in effect declared that it had found a verdict either against the evidence, or against the instructions of the court, or both. Either reason constituted sufficient ground to support the granting of the motion for a new trial. See 2 Poe, *Pleading and Practice* (Tiffany ed.), §§ 335-337.

It is not disputed that counsel for appellee—though there was no evidence whatsoever as to the percentage of disability his client had suffered or as to her life expectancy other than that she was twenty-four years of age—in the course of his argument before the jury not only stated what he deemed was the minimum per centum (estimated at 10%) of her disability but also surmised that she would continue to live at least forty more years, and, by resorting to a simple arithmetical computation, categorically informed the jury that his client had had permanent injuries to her back aggregating $5,200.

While it is true that the trial court promptly sustained the objection of the appellant to the argument and instructed counsel for appellee to refrain from referring to evidence dehors the record, the jury, nevertheless, in arriving at its verdict—despite the implicit admonition that the remarks of counsel should not be treated as evidence—allowed the appellee the exact amount ("10% dis[ability] for 40 y[ea]rs") that counsel had computed would compensate his client for her permanent injury.

The fact that the appellee failed to demand that the court declare a mistrial when the remarks were made or to request that the court further instruct the jury to disregard the improper reference to evidence not in the record are beside the point in view of the improper action of the jury. Nor are we concerned here with the fact that the amount of the verdict did not shock the conscience of the trial court.

As I see it, since the jury was not at liberty to take the remarks of counsel into account in arriving at the amount of its verdict, the refusal to grant the motion was an abuse of discretion in that it was improper for the lower court to ignore the undisputed fact that the jury of its own volition, over the signature of the foreman, informed the clerk of the court

that it had considered as evidence facts that were not before it.

I would therefore reverse the judgment and remand the case for a new trial.