■ WILLIAM LADSON, Respondent, v. NEW YORK CITY HOUSING AUTHORITY et al., Appellants.— Order entered June 11, 1968, setting aside a jury verdict in favor of defendants and granting a new trial, unanimously reversed, on the law, on the facts and in the exercise of discretion, and the verdict reinstated, and judgment directed thereon in favor of defendants, with $50 costs and disbursements to appellants. A jury verdict in favor of defendant may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence. (*Marton* v. *McCasland*, 16 A D 2d 781–782; *Salvitelli* v. *Janusz*, 19 A D 2d 886.) The instant case involved simple issues of credibility. They were resolved by the jury's verdict, on sufficient evidence. The Trial Judge was in error in setting it aside. The specific ground assigned by him, namely a few remarks uttered by defendant's counsel during summaton, to which no objection was noted and no protestation made, was not well taken. Actually, the remarks were well within the range of fair argumentation, and considering the nature of the case, did not merit reprehension. Concur — Eager, J. P., Capozzoli, Tilzer, McGivern and McNally, JJ.

■ VESEY ASSOCIATES, INC., Appellant, v. SIDNEY LEVINE et al., Defendants-Respondents, and Third-Party Plaintiffs. ABRAHAM MARINOFF et al., Third-Party Defendants-Respondents.— Order entered April 25, 1967, is unanimously modified on the law, on the facts and in the exercise of discretion to reverse that portion of the order which denied the plaintiff's motion to add, as parties-defendant to the action, the Broadway-Worth Corp., and Herbert Friedman, and the motion is granted, and as modified the order is affirmed, with costs and disbursements to · the plaintiff. In this suit the plaintiff seeks specific performance of an option to purchase the property known as 325 Broadway. Should the plaintiff be successful there will still be open an undetermined question as to whether the parties, sought to be added, have some interest in the property. It is desirable to have an adjudication which will finally determine what, if any, interest any party has in this property. The only objection raised to adding Broadway-Worth Corp. and Herbert Friedman is that it would delay the trial of this suit to the disadvantage of the present defendants. We conclude that there is no merit to this contention inasmuch as, in the circumstances of this case, there need be no undue delay. Concur — Eager, J. P., Steuer, Rabin, McNally and Bastow, JJ.