590 A.2d 1060

**CAM'S BROADLOOM RUGS, INC.**

v.

**Kenneth J. BUCK.**

**No. 1339, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

June 3, 1991.

William N. White, Towson, for appellant.

William J. Blondell, Jr. (Edwart T. Pinder, on the brief), Baltimore, for appellee.

Argued before BISHOP, MOYLAN and ROSALYN B. BELL, JJ.

BISHOP, Judge.

This civil action arose out of a motor vehicle accident. Appellee Kenneth Buck and his wife, Kimberly, filed a complaint in which they alleged that appellant Cam's Broadloom Rugs, Inc. was liable under the doctrine of *respondeat superior* for personal injuries and loss of consortium due to the negligence of Warren Ray, Jr., a driver for appellant. A jury found in favor of appellant on the claim for loss of consortium and for appellee on the claim for personal injuries due to Warren Ray, Jr.'s negligence and awarded damages in the amount of $3,868.

Appellee filed a Motion for New Trial in which he contended, *inter alia,* that the improper closing arguments of appellant's counsel resulted in a damage award that was too low. The court agreed and ordered a new trial on damages only. Appellant immediately appealed. We dismissed the appeal based on the lack of a final judgment. Md.Rules 2–602, 8–602. The Court of Appeals denied appellant's petition for certiorari. On retrial, the jury awarded appellee damages in the amount of $87,000. Appellant's post-trial motions were denied and this appeal was filed.

### *Issue Presented*

Appellant presents ten issues in his appeal; however, because we find that the court abused its discretion in granting the motion for new trial, we will address only the following issue:

Whether the court abused its discretion when it granted appellee's motion for new trial based upon several allegedly improper remarks by appellant's counsel in his closing argument to which appellee did not object, did not move to strike and did not request an instruction by the court.

## FACTS

At the conclusion of a heated trial, counsel for appellant gave a closing argument, the transcript of which filled approximately eighteen pages. The jury awarded appellee damages in the amount of $3,868 and appellee moved for a new trial, alleging, in part, that appellant's closing argument was improper and resulted in an unreasonably low damage award. After briefs were filed and argument held, the court concluded that the following four remarks were improper:

[1] I told you in the very beginning that there would be two basic questions that you would be deciding; one would be liability, and the other would be damages.

Let's talk a little bit about the liability. Hopefully none of you have been involved in a lawsuit and I hope none of you ever will be sued, but, ladies and gentlemen, if you are sued you would want the person or people that are suing you to prove their case and prove every single aspect of the case; not simply to come in and say, well, somebody ran a red light and we have got three witnesses and look at all of these damages and give them thousands and thousands of dollars and then just simply sit down. I don't think that you would want that to occur.

\*     \*     \*     \*     \*     \*

[2] The Plaintiff admitted that he had been drinking. How could the man say he hadn't been drinking. I'll tell you why. Because Lewis is trying to cover up for Buck and every single one of them are trying to cover up for Buck. It is a typical whiplash case and they have a chance to sue somebody. They are suing the company and not Warren Ray, because they have a chance to make the bucks on the case.

You know, whether it stops—it doesn't stop with the judge, or the courts, or the lawyers; it stops with you.

MR. BLONDELL: Objection.

THE COURT: Yes, sustained. Go onto the next point.

\*   \*   \*   \*   \*   \*

[3]  Well, it doesn't end there.  Mr. Blondell's [counsel for appellee] office turns loose his team of doctors which he maintains are eminently qualified.  Dr. Reischer (Phonetic), ladies and gentlemen, is an internist and the more Kenneth Buck goes to see Dr. Reischer the more the bill goes up.

And we have a lawsuit going on.  Is this the first time you have heard of a whiplash case?  Of course not. Kenneth Buck is suing Cam's Broadloom, and do you think Kenneth Buck is going to go in there and say hey, Doc, my neck doesn't hurt?  Of course it hurts.  He is going to run the bills up and he runs them up to almost nine thousand dollars.

\*   \*   \*   \*   \*   \*

[4]  Ladies and gentlemen, I think this one diagram sums up the whole case and I think this is the kicker right here.  I hope you all can see this.  This is the physical therapy bill, and those bills are in evidence.  I think it is about four or five pages.

It says at the top Latofsky, Braeger (Phonetic) and something like that.  That is part of Blondell's team.

The court found the first remark to be an improper reference to the golden rule;[1] the second remark to be an impermissible appeal to the emotions of the jurors, as payers of insurance premiums, to stop inflated personal injury claims; and the third and fourth remarks as improper allegations that appellee's counsel and the doctors they had examine appellee were in "a conspiracy to improperly inflate the medical bills and to improperly exaggerate the nature and extent of [appellee's] injuries."  The court noted that the amount of the damage award was less than the evidence of the medical and special damages and concluded

---

1.  The origin of the "golden rule" may be traced to: Leviticus 19:18, "... you will love your neighbor as yourself," and Matthew 7:12, "So always treat others as you would like them to treat you."

"that the improper remarks by counsel caused or substantially contributed to a verdict that was unreasonably low." The court ordered a new trial only on the damages to be awarded appellee for his personal injury claim.

## Discussion

██ The trial court may grant a new trial pursuant to Md.Rule 2–533,[2] "where there is a fair probability that to

---

2. **Rule 2–533. MOTION FOR NEW TRIAL**

(a) **Time for Filing.**—Any party may file a motion for new trial within ten days after entry of judgment. A party whose verdict has been set aside on a motion for judgment notwithstanding the verdict or a party whose judgment has been amended on a motion to amend the judgment may file a motion for new trial within ten days after entry of the judgment notwithstanding the verdict or the amended judgment.

(b) **Grounds.**—All grounds advanced in support of the motion shall be filed in writing within the time prescribed for the filing of the motion, and no other grounds shall thereafter be assigned without leave of court.

(c) **Disposition.**—The court may set aside all or part of any judgment entered and grant a new trial to all or any of the parties and on all of the issues, or some of the issues if the issues are fairly severable. If a partial new trial is granted, the judge may direct the entry of judgment as to the remaining parties or issues or stay the entry of judgment until after the new trial. When a motion for new trial is joined with a motion for judgment notwithstanding the verdict and the motion for judgment notwithstanding the verdict is granted, the court at the same time shall decide whether to grant that party's motion for new trial if the judgment is thereafter reversed on appeal.

(d) **Costs.**—If a trial or appellate court has ordered the payment of costs as a part of its action in granting a new trial, the trial court may order all further proceedings stayed until the costs have been paid.

Federal Rule of Civil Procedure 59 provides, *inter alia:*

(a) **Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend

fail to do so would deny a party the right to a fair trial," *Thodos v. Bland*, 75 Md.App. 700, 708, 542 A.2d 1307 (1988) (citing *Wernsing v. General Motors Corp.*, 298 Md. 406, 419, 470 A.2d 802 (1984)), or where it is necessary "to prevent a miscarriage of justice." Niemeyer and Richards, *Maryland Rules Commentary* 320 (1984). The grant or denial of a motion for a new trial is a matter within the sound discretion of the trial court, and the exercise of the court's discretion will not be set aside on appeal unless the court clearly abused its discretion under circumstances that are "extraordinary or compelling" or where a substantial right is denied. *Thodos*, 75 Md.App. at 706–7, 542 A.2d 1307 (and cases cited therein).

In fact, the Court of Appeals in *Carlile v. Two Guys*, 264 Md. 475, 477–78, 287 A.2d 31 (1972), found the grant of a new trial practically unreviewable:

> There is probably no principle of law that rests on more decisions of this Court than the concept that a trial judge's granting or refusing a new trial—fully, partially, conditionally, or otherwise—is not reviewable on appeal except under the most extraordinary or compelling circumstances. This is true even though the trial judge's

---

findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

\*   \*   \*   \*   \*   \*

**(d) On Initiative of Court.** Not later than 10 days after entry of judgment, *the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party.* After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor.

\*   \*   \*   \*   \*   \*

(Emphasis supplied).

Maryland has consistently found the Federal Rules of Civil Procedure to be persuasive authority in interpreting the Maryland Rules; however, Fed.R.Civ.P. 59(d) implicitly provides the federal courts with the authority which is the issue in the case *sub judice.* Clearly, the drafters of the Maryland Rules and the Court of Appeals were aware of the content of Fed.R.Civ.P. 59(d) at the time of the adoption of Md.Rule 2–533 and elected not to include the specific authority contained in Fed.R.Civ.P. 59(d).

decision is based on mistake or erroneous conclusions of law or fact. Our adherence to this rule is unwavering.... In fact, this Court, in its long history, has never found such circumstances to exist.... the only exceptions to this statement (if they can be termed exceptions) are: when the action of the trial court was in effect a refusal to even entertain or consider a motion for a new trial; or when the trial court, in dealing with such a motion, exceeded its jurisdiction.

(Citations omitted). Despite the language of *Carlile*, the Court of Appeals in *Wernsing v. General Motors Corp.*, 298 Md. 406, 470 A.2d 802 (1984), affirmed our reversal of the trial court's denial of a motion for new trial finding the denial to be an abuse of discretion. *Id.* at 420, 470 A.2d 802.

In the case *sub judice*, the court granted a new trial on damages. The second jury returned a damage award in the amount of $87,000, an almost twenty-three fold increase in appellant's damage liability. This increase is sufficient to demonstrate that the circumstances in the instant case are compelling and, thus, reviewable. We now must determine whether the court clearly abused its discretion.

The court granted a new trial on damages because it concluded that the foregoing remarks by appellant's counsel during closing argument were improper and resulted in an unreasonably low award of damages. Appellant contends that the court abused its discretion because appellee made only one objection and never requested the court to strike any of the remarks or instruct the jury to disregard them. While we do not find any Maryland cases where the issue of whether a trial court's grant of a new trial should be reversed because the court based its ruling on errors to which there were no objections at trial,[3] there are Maryland cases in which the trial court's refusal to grant a new trial

---

**3.** Also, we do not find any Maryland cases which involve the issue of a trial court's grant of a new trial based on errors to which there was no objection during the trial.

was affirmed because the moving party failed to object to the errors set forth in his motion for new trial.

In *Brinand v. Denzik*, 226 Md. 287, 173 A.2d 203 (1961), the appellant moved for a new trial after the jury verdict sheet contained notes that reflected remarks made by appellee's counsel during closing argument that appellant contended were improper. The Court of Appeals found that appellant objected but did not request an instruction to the jury to disregard the remarks.[4] The Court of Appeals found that the trial court did not abuse its discretion when it denied appellant's motion.

Even if we assume, without deciding, that the disputed remarks of appellee's counsel were improper, and that the jury were influenced by them, we find a compelling reason why the appellant is not entitled to the relief sought. The record discloses that the appellant did not ask the trial court to declare a mistrial when the remarks were made, and did not then or at any time before the jury retired request the court to instruct the jury to disregard them. This being so, she has waived her right to object to the verdict. She has preserved no ground for

---

4. In 3 *Poe's Pleading and Practice* § 347A, at 683 (6th ed. 1975) the author makes the following comments about the relationship between an objection to an error during trial and the granting of a new trial by an appellate court:

Although improper remarks of counsel may be grounds for a new trial, a new trial may be avoided if such improper remarks are desisted from upon objection made or when the court intervenes, but the better rule seems to be to apply both methods; that is, the court should set the jury straight and there should be no continuance of the improper conduct. It would seem that the court should at the same time properly rebuke counsel, however mildly or severely may be required, and to caution and reprimand him to the extent that the exigencies of the situation may require. However, counsel may very often feel that when an improper remark is made it should not be emphasized by moving for a mistrial or cautionary instruction; and, should counsel so elect he waives his right to review.[13] (Additional footnotes omitted).

In footnote thirteen the author made the enigmatic observation, "this does not necessarily rule out a motion for a new trial after verdict." The author did not include a supporting citation or further explanation for his remark.

appeal, and therefore this appeal raises no questions of law. Clearly, if the appellant desired to protect herself against the possibility that the questionable remarks might influence the minds of the jurors, she had only to request the court to give a further instruction to the jury, fully and clearly advising them that the argument was not based on the evidence, and that therefore they could not base the verdict, or any part of it, on that argument. If such instruction had been requested and denied, the matter would have been preserved for review on appeal. Maryland Rules 554 d and e. As this Court stated in *Fox v. Balto. Transit Co.*, 194 Md. 403, 409, 71 A.2d 470 (1950), " * * * a simple way to preserve a real point of law on appeal is to state it precisely in a prayer or requested instruction. The court need not in terms grant the requested instruction, but 'if the matter is not fairly covered by instructions actually given' the point can be preserved by objection to failure to give the requested instruction." See also *Smith v. Barnhart*, 225 Md. 391, 394–395, 170 A.2d 766 (1961); *Rephann v. Armstrong*, 217 Md. 90, 93, 141 A.2d 525 (1958).

* * * * * *

[A]ppellant had the opportunity to protect herself from any possible prejudicial effects of the allegedly improper remarks of counsel for appellee, but failed to do so. In the absence of any further action by appellant, there was no duty upon the trial court to make further reference to the matter.

*Id.* at 291–93, 173 A.2d 203. Counsel's remarks did not deprive the appellant of any substantial right, and the Court of Appeals affirmed the trial court's denial of appellant's motion for new trial. *Id.* at 293, 173 A.2d 203. Similarly, in *Miller Building Supply v. Rosen*, 305 Md. 341, 355–56, 503 A.2d 1344 (1986), the Court of Appeals held that the trial court did not abuse its discretion when it denied a motion for new trial based on an allegedly erroneous jury instruction to which the movant did not object at trial. Finally, in *Banegura v. Taylor*, 312 Md. 609, 625, 541 A.2d 969 (1988),

the Court of Appeals reviewed the propriety of a trial court's denial of a motion for new trial on the ground that, *inter alia,* the verdict was excessive. The Court of Appeals observed that the first opportunity to object to an excessive verdict is through a motion for new trial, but it is not the first opportunity to object to most other errors that occur during a trial and stated that for these other alleged errors the moving party's "failure to object to rulings, instructions, and arguments during the course of the trial may be taken as a waiver of error, precluding the assertion of those issues in a motion for new trial...." [5] The Court of Appeals, because it could not determine from the record whether the trial court exercised its discretion and considered the claim of excessiveness of the verdict when it denied the motion, remanded the case for consideration of that issue. *Id.*

To affirm the exercise of the trial court's discretion in granting a motion for new trial is a far simpler task than to find that the court abused its discretion. Nevertheless, there are limits even to this exercise of discretion, and the policy reasons that support the affirmation of the trial court's decision are also applicable to the reversal of the same decision. Because the policy reasons are not discussed in *Brinand, Miller* or *Banegura,* we shall examine the reasons behind the requirement that a party must preserve issues for appellate review as analogous and persuasive authority that, except for issues such as those to which we refer in footnote 5, *supra,* there must be some timely objection to preserve the issue raised in a motion for new trial.

---

5. Under most circumstances, the grounds that the verdict was contrary to the evidence, that the party has newly discovered evidence or that there was misconduct on the part of the jurors or any officer who was in charge of them cannot be determined during the course of the trial. The grounds that the moving party was surprised during the course of trial, that there was misconduct or error on the part of the judge or that there was misconduct by the non-moving party such as abuse of argument usually is readily apparent during the course of the trial.

The prerequisite for an issue to be reviewed on appeal is a timely objection. Md.Rule 2–517; *Brazerol v. Hudson,* 262 Md. 269, 275–76, 277 A.2d 585 (1971); *Fireman's Fund Ins. Co. v. Bragg,* 76 Md.App. 709, 719–20, 548 A.2d 151 (1988); *Curry v. State,* 54 Md.App. 250, 256, 458 A.2d 474 (1983) (An objection to an improper remark during closing argument is timely if made at the conclusion of the argument and not at the exact moment the remark was made). A formal objection is not required, but the party must make known to the court the action he desires the court to take. *Fowler v. Benton,* 229 Md. 571, 575, 185 A.2d 344 (1962), *cert. denied,* 375 U.S. 845, 84 S.Ct. 98, 11 L.Ed.2d 72 (1963). The basis for the objection need not be given, however, if counsel volunteers his grounds at the time of the objection or is requested to state his grounds by the court, he is bound on appeal to the grounds expressed. Md.Rule 2–517(a); *Klein v. Weiss,* 284 Md. 36, 55, 395 A.2d 126 (1978); *Great Coastal Express, Inc. v. Schuefer,* 34 Md.App. 706, 724, 369 A.2d 118, *cert. denied,* 280 Md. 730 (1977). Further, in either a civil or criminal case, when an objection to a closing argument is sustained, the objecting party must request specific relief, such as a motion for mistrial, to strike or for a further cautionary instruction, otherwise there is nothing for the appellate court to review. *Hairston v. State,* 68 Md.App. 230, 236, 511 A.2d 73 (1986). This procedure provides for a fair and orderly trial without subjecting the litigants to the expense and inconvenience of an appeal and possible new trial, unless the trial court was given the opportunity to correct any errors in the proceeding. *See Clayman v. Prince George's County,* 266 Md. 409, 416, 292 A.2d 689 (1972); *Seargent Co. v. Pickett,* 283 Md. 284, 288, 388 A.2d 543 (1978); *Medley v. State,* 52 Md.App. 225, 231–32, 448 A.2d 363, *cert. denied,* 294 Md. 544 (1982). A litigant is subject to the hardships of a new trial whether it is granted by an appellate court or the trial court.

Moreover, to review, on appeal or in a post-trial motion, an issue to which there is no objection when one could have been made invites abuse.

> [W]hen [the Court of Appeals] or the Court of Special Appeals take[s] up as a result of direct appeal such matters which could have been raised and corrected at trial and were not raised at trial, we make possible an abuse of the judicial process by unscrupulous trial attorneys. I do not mean to imply that the trial attorney here was unscrupulous. I point out, however, that an attorney. might very well sit quietly by when an obvious error of this kind arises saying to himself that if the jury in its wisdom does not acquit[6] his client, then he has in the record a ground for appellate reversal.

*State v. Hutchinson*, 287 Md. 198, 218, 411 A.2d 1035 (1980) (Smith, J. dissenting). Similarly, Md.Rule 2–532(a) provides that "a party may move for judgment notwithstanding the verdict only if that party made a motion for judgment at the close of all the evidence and only on the grounds advanced in support of the earlier motion." This requirement prohibits "sandbagging,"; in other words, it prevents the party moving for a directed verdict "from withholding a supporting reason until after the verdict when a case can no longer be reopened in order to cure a deficiency in proof." *Annapolis Mall v. Yogurt Tree*, 299 Md. 244, 256, 473 A.2d 32 (1984).

Under circumstances similar to the case *sub judice*, courts in other jurisdictions have reversed the grant of a new trial. In *Boyd v. N.Y. City Health and Hosp. Corp.*, 114 A.D.2d 307, 493 N.Y.S.2d 772 (1985), in reversing the grant of a motion for new trial[7] where the plaintiff failed to request a mistrial, the state Supreme Court stated:

---

**6.** This is clearly analogous to plaintiff's counsel quietly letting an error pass and raising it as an issue only when the verdict is not satisfactory.

**7.** New York Civil Practice Law and Rules (Consol.1977 & 1990 Supp.), Rule 4404 provides:

**Post-trial motion for judgment and new trial**

**(a) Motion after trial where jury required.** After a trial of a cause of action or issue triable of right by a jury, upon the motion of any party or on its own initiative, the court may set aside a verdict or

The point at which zealous advocacy by an attorney in a protracted, hard fought trial becomes misconduct often presents a difficult issue, as it does here, as to which reasonable people may disagree. Recognizing that the trial court should be in a better position than we are to evaluate the question, we are nevertheless not persuaded that the record discloses conduct by the defendant's attorney that would justify setting aside a jury verdict adequately supported by the evidence, *particularly in the absence during the lengthy trial of any motion by plaintiff's counsel for mistrial.*

*Id.,* 493 N.Y.S.2d at 773 (emphasis added). *See also Ladson v. N.Y. City Housing Auth.,* 31 A.D.2d 611, 295 N.Y.S.2d 522 (1968); *Nelson v. Hartman,* 199 Mont. 295, 648 P.2d 1176 (1982); *Stewart v. Brennan,* 7 Haw.App. 136, 748 P.2d 816 (1988); *Springer v. County of Allegheny,* 401 Pa. 557, 165 A.2d 383 (1960).

In *Bodzek v. Callahan,* 211 Neb. 600, 319 N.W.2d 721, 722 (1982), the trial court invited plaintiff's counsel to request a mistrial and he elected not to do so. Regardless, the trial court granted a new trial. The Nebraska Supreme Court reversed and held:

A party may not complain of misconduct of opposing counsel when, with knowledge of such alleged misconduct, he does not ask for a mistrial but consents to take the chance of a favorable verdict.

▆▆▆▆ Trial courts in Maryland are empowered with the discretion to grant a new trial as a safety valve to prevent a miscarriage of justice due to an improper verdict. Consequently, the trial court may grant a new trial for any

---

any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence, in the interest of justice or where the jury cannot agree after being kept together for as long as is deemed reasonable by the court.

New York Rule 4404(a), like Md.Rule 2–533, does not contain the authority found in Fed.R.Civ.P. 59(d).

reason that will support its determination that a party was denied a fair trial, and there is nothing in Md.Rule 2–533 which precludes a judge from granting a new trial on the basis of an issue that could have been, but was not, raised during trial. Moreover, an abuse of argument has been recognized as one of a list of grounds which will support the grant of a new trial. *State v. Devers and Webster*, 260 Md. 360, 374, 272 A.2d 794 (1971); Niemeyer and Richards, *Maryland Rules Commentary* 320 (1984). Then, why would it not be advisable for a judge to do what was done *sub judice?* The most compelling reason is provided by Judge Smith in his dissent in *Hutchinson,* and in our discussion, *infra,* i.e., the unfair manipulation of the judicial process by unscrupulous counsel. If a new trial may be granted, *carte blanche,* on a ground which could have been raised during trial, but was not, there would be no standard by which either the trial court or the appellate court could determine whether the failure to raise the issue was due to honest oversight, negligence or willful intent to manipulate.

Let us assume a trial occurrence so egregious that there was clear prejudice to a party. The party could, with impunity, ignore the offense, wait for the verdict and, if it is favorable, do nothing, while if it is unfavorable, move for a new trial which the court would grant, given the severity of the occurrence. Of course, the court could, during the trial, *sua sponte,* declare a mistrial, but this is a drastic action most judges are reluctant to perform, especially in a lengthy trial. When the court acts *sua sponte* on issues where a timely objection could and should have been made, it provides assistance to a party which smacks of unfairness.

■ Unless a motion for new trial based upon an issue which could have been raised during trial, but was not, is suspiciously scrutinized by the trial court, there will be a substantial reduction in the requirements motivating counsel to raise the objection during the course of trial. As a result, critical objections will not be made and the opportunity for litigants to argue the issue and the court to rule on

it while the issue is timely and correctable will be lost. The judicial system and the party who prevailed on the merits would bear the expense and inconvenience of a most likely unnecessary new trial. We hold that a moving party's failure to object to an alleged error or impropriety at trial or otherwise bring it to the attention of the trial court must be given significant weight by the court when it decides a motion for new trial.

The remarks of appellant's counsel in the case *sub judice* were not so flagrant that they denied appellee the right to a fair trial. We are convinced that a warning to appellant's counsel and an instruction to the jury to disregard his remarks would have protected appellee from any prejudice.

The amount of the damage award, by itself, was also insufficient to support the grant of a new trial. Appellant vigorously contested appellee's claim for damages. From the record there is evidence that appellee was dazed from the collision and received a knot on his head and arm and a cut on his knee. After he ensured the proper care of his car, appellee went to Dundalk Medical Center. Full x-rays were taken and it was concluded that appellee did not suffer a concussion and sustained only minor injuries. A few days later, appellee went to Franklin Square Hospital for a second opinion. Franklin Square Hospital took x-rays and did not find any serious problems. Appellee stated that he continued to suffer headaches and stiffness in his neck. He then was referred by his lawyers to a doctor who recommended that appellee begin physical therapy. Appellee had physical therapy from February through July of 1985. Appellee contended that the accident left him unable to play horseshoes or volleyball; however, he admitted that he broke his hand playing volleyball in November 1986.

On March 8, 1987, appellee was involved in a "minor" car collision. Appellee testified that he was not injured. Two weeks later, appellee resumed physical therapy. The jury returned a damage award of $3,868 which the court ob-

served was less than the evidence of medical and special damages presented to the jury.[8]

The trial courts of Maryland have the authority to grant a new trial on damages if the damage award "shocks his conscience, is 'grossly excessive' or is 'excessive.' " *Conklin v. Schillinger*, 255 Md. 50, 69, 257 A.2d 187 (1969) (citations omitted). "[A]ll of these formulae mean substantially the same thing, the adjectives or picturesque articulations as in *Beardmore v. Carrington*, 2 Wils.K.B. 244, that the damages are 'such as all mankind must be ready to exclaim against, at first blush,' being used to indicate the trial judge should extend the fullest consideration possible to the amount returned by the jury. . . ." *Id.* The evidence in the case *sub judice* does not support such a finding. Both liability and damages were vigorously contested and there was evidence that appellee's injuries were less serious than he contended. The damage award was approximate to appellee's medical expenses for treatment prior to his subsequent accident. Moreover, the trial court found the award to be "unreasonably low," which, without more, we find to be less than the necessary shock to the court's conscience. By the court's own assessment, the amount of the damage award alone was an insufficient basis upon which to grant a new trial.

This decision is not to be interpreted as requiring the benefits of a motion for new trial to be dependent upon compliance with artificial and technical rules of procedure. *See Brinand*, 226 Md. at 293, 173 A.2d 203. Nevertheless, we will not open the door to abuse by sanctioning the grant of a new trial on damages where there was evidence to

---

**8.** From our examination of the record extract, there was evidence which indicated medical expenses of $4,822.81. The medical bills for services rendered prior to the second accident amounted to $3,697.81. In his Answers to Interrogatories, however, appellee's list of medical expenses, all of which were prior to the second accident, amounted to $5,113.81. Finally, in closing argument, appellee contended that the total medical expenses amounted to $9,523. Appellant also claimed lost wages which, in his Answers to Interrogatories, totalled $474.72.

support the amount of damages awarded and the moving party did not make the court aware of the alleged improprieties or request the court to correct possible prejudice which he argues contributed to the "unreasonably low" verdict. The trial court has wide discretion when it decides a motion for new trial. Under the circumstances of the case *sub judice*, however, the trial court clearly went too far.

JUDGMENT REVERSED; JUDGMENT OF THE FIRST TRIAL REINSTATED; COSTS TO BE PAID BY APPELLEE.