529 A.2d 356

**David S. HARRIS**

v.

**DAVID S. HARRIS, P.A. et al.**

**No. 136, Sept. Term, 1986.**

Court of Appeals of Maryland.

Aug. 5, 1987.

Allen G. Windsor, Baltimore, for appellant.

William N. White, Towson, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH,* McAULIFFE and ADKINS, JJ.

COUCH, Judge.

In *Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 394 A.2d 801 (1978), this Court held that a pretrial denial of a motion to disqualify counsel in a civil case is not immediately appealable as a final collateral order. The Court reserved the question of the immediate appealability of pretrial grants of disqualification motions. *Id.* 284 Md. at 99, 394 A.2d at 808. We decide today that a pretrial order disqualifying counsel in a civil case is not a final collateral order and therefore not subject to immediate appeal.

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

## I

The facts are not in dispute and may be quickly set forth. The appellant, David S. Harris, is an attorney admitted to the practice of law in this State and is the sole stockholder and President of David S. Harris, P.A., a Maryland professional corporation. Throughout the proceedings below and on appeal, Harris has been and is represented by a member of his firm.

In September of 1982, Harris filed a claim with the Workmen's Compensation Commission for an injury Harris sustained to his back during the previous summer. On January 17, 1983, the case was heard by the Workmen's Compensation Commission and the Commission, by Order dated January 24, 1983, concluded that Harris's injury arose out of and in the course of his employment as an attorney.

Harford Mutual Insurance Company (Harford), the workmen's compensation carrier for David S. Harris, P.A., appealed the Compensation Order to the Circuit Court for Baltimore City on behalf of the insured and on its own behalf. The record indicates that a mistrial was declared in the circuit court proceeding on November 1, 1984, directly following *voir dire.*

On April 2, 1986, prior to the commencement of a new trial, Harford filed a "Motion for Disqualification of Claimant's Attorney" alleging that the representation of Harris by Allen Windsor, a member of Harris's firm, was inconsistent with the rules of professional conduct. The Circuit Court for Baltimore City granted the motion on July 17, 1986 and Harris appealed the disqualification order to the Court of Special Appeals. Harford moved to dismiss the appeal and the Court of Special Appeals denied the motion on November 14, 1986. This Court issued a writ of certiorari prior to the consideration of the merits of the case by the intermediate appellate court.

## II

Our task is to determine whether an immediate appeal lies from a pretrial order disqualifying counsel in a civil

case. Harford moves this Court to dismiss the appeal as premature alleging that an order granting disqualification is not a final judgment and hence not subject to immediate appellate review. We find that the appeal is not properly before us and shall grant the motion to dismiss.

The appellate jurisdiction of the courts of this State is delimited by statute. Maryland Code (1974, 1984 Repl.Vol.), Courts and Judicial Proceedings Article, § 12–301. Unless appeal is permitted by certain exceptions not here pertinent, an appeal will lie only from a *final judgment* entered by a circuit court. *Id.*[1] As the General Assembly has designated a final judgment as "a judgment, decree, sentence, order, determination, decision or other action by a court ... from which an appeal, application for leave to appeal, or petition for certiorari may be taken," *id.* at § 12–101(f), it is for the courts to define and give content to the meaning of the term "final judgment." *Public Service Comm'n v. Patuxent Valley*, 300 Md. 200, 206, 477 A.2d 759, 762 (1984) and cases cited therein. To the same effect see *Pappas v. Pappas*, 287 Md. 455, 459, 413 A.2d 549, 551 (1980); *Smith v. Taylor*, 285 Md. 143, 146, 400 A.2d 1130, 1133 (1979); *Estep v. Estep*, 285 Md. 416, 422, 404 A.2d 1040, 1043–44 (1979).

The statutory requirement of finality generally means that a party must raise all claims of error in a single appeal following a final judgment on the merits. *See, e.g., Central Collection v. Columbia Medical*, 300 Md. 318, 325, 478 A.2d 303, 306 (1984); *Highfield Water Co. v. Wash. Co. San.*, 295 Md. 410, 415, 456 A.2d 371, 373 (1983) and cases cited therein. As noted by this Court on numerous occasions, the primary purpose of the final judgment rule is to

---

**1.** Section 12–301 provides in pertinent part:

Except as provided in § 12–302, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law.

prevent piecemeal appellate review of trial court decisions which do not terminate the litigation. By requiring litigants to consolidate all claims of error at the end of a lawsuit, the rule eliminates a succession of separate appeals which would repeatedly interrupt and delay lower court proceedings. *E.g., Sigma Repro. Health Cen. v. State,* 297 Md. 660, 665, 467 A.2d 483 (1983); *Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 91, 394 A.2d 801, 804 (1978); *Warren v. State,* 281 Md. 179, 183, 377 A.2d 1169, 1171 (1977).[2]

■ A pretrial order disqualifying counsel is not a final judgment on the merits of the litigation. We have long recognized, however, a narrow class of orders, referred to as collateral orders, which are offshoots of the principal litigation in which they are issued and which are immediately appealable as "final judgments" without regard to the posture of the case. *See Parrott v. State,* 301 Md. 411, 483 A.2d 68 (1984); *Public Service Comm'n v. Patuxent Valley,* 300 Md. 200, 477 A.2d 759 (1984) and cases cited therein. The collateral order doctrine, attributed to *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528, 1536–37 (1949), permits immediate appellate review of a "small class" of prejudgment orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action [which are] too important to be denied review and too

---

2. "The [final judgment] rule respects the responsibilities of the trial court by enabling it to perform its function without a court of appeals peering over its shoulder every step of the way. It preserves scarce judicial resources that would otherwise be spent in costly and time-consuming appeals. Trial court errors become moot if the aggrieved party nonetheless obtains a final judgment in his favor, and appellate courts need not waste time familiarizing themselves anew with a case each time a partial appeal is taken. Equally important, the final judgment rule removes a potent weapon of harassment and abuse from the hands of litigants." *Mitchell v. Forsyth,* 472 U.S. 511, 544, 105 S.Ct. 2806, 2825, 86 L.Ed.2d 411, 436–37 (1985) (Brennan, J., concurring in part and dissenting in part). For a historic analysis of the final judgment rule see Crick, *The Final Judgment as a Basis for Appeal,* 41 Yale L.J. 539 (1932).

independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.,* 337 U.S. at 546, 69 S.Ct. at 1225–26, 93 L.Ed. at 1536. An order must meet four requirements to be deemed final under this doctrine:

"The order must (1) conclusively determine the disputed question, (2) resolve an important issue, (3) be completely separate from the merits of the action, and (4) be effectively unreviewable on appeal from a final judgment."

*Public Service Comm'n v. Patuxent Valley,* 300 Md. 200, 206, 477 A.2d 759, 762 (1984) (citation omitted) (brackets deleted from the original).

In *Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 394 A.2d 801 (1978), we held that a pretrial denial of a motion to disqualify counsel in a civil case is not subject to immediate appellate review under the collateral order doctrine. Harford, relying principally on the Supreme Court's recent decision in *Richardson-Merrell, Inc. v. Koller,* 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985), urges us to extend our holding in *Peat & Co.* to pretrial orders granting attorney disqualification. While we reach the same conclusion as the Court in *Richardson-Merrell,* we reach that result by a different path. We explain.

### B.

In *Richardson-Merrell, Inc. v. Koller,* 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985), the Supreme Court held that an order disqualifying counsel in a civil case is not a final collateral order subject to immediate appellate review.[3] The heart of the decision is the Court's combination of harmless error principles with its analysis of whether a

---

**3.** The Supreme Court had previously held that an order denying a motion to disqualify counsel in a civil case is not a final collateral order, *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), and that an order granting disqualification in a criminal case is not a final collateral order, *Flanagan v. United States,* 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). The Court in *Richardson-Merrell* relied heavily on its analysis in *Flanagan.*

disqualification order is effectively unreviewable on appeal and separate from the merits of the lawsuit:

"This Court has never held that prejudice is a prerequisite to reversal of a judgment following erroneous disqualification of counsel in either criminal or civil cases.

\*     \*     \*     \*     \*     \*

"[W]e need not today decide this question.

\*     \*     \*     \*     \*     \*

"[I]f establishing a violation of one's right to counsel of choice in civil cases requires no showing of prejudice, then, a pretrial order violating the right does not meet the third condition for coverage by the collateral order exception: it is not 'effectively unreviewable on appeal from a final judgment.' ... Absent a requirement of prejudice, the propriety of the trial court's disqualification order can be reviewed as effectively on appeal of a final judgment as on an interlocutory appeal.

\*     \*     \*     \*     \*     \*

"If the nature of the right to representation by counsel of one's choice is 'that [it] is not violated absent some specifically demonstrated prejudice,' then a disqualification order, though 'final,' is not independent of the issues to be tried. Only after assessing the effect of the ruling on the final judgment could an appellate court decide whether the client's rights had been prejudiced. If respondent were to proceed to trial and there receive as effective or better assistance from substitute counsel than the disqualified attorney could provide, any subsequent appeal of the disqualification ruling would fail."

*Id.* 472 U.S. at 438–39, 105 S.Ct. at 2765, 86 L.Ed.2d at 351–52 (citation omitted). In an apparent alternate holding, the Court concluded that, even apart from the foregoing analysis, orders disqualifying counsel in civil cases are not completely separate from merits of the action. *Id.* 472 U.S. at 439–440, 105 S.Ct. at 2765–66, 86 L.Ed.2d at 352 (citations omitted). The Court seemed to view the order as conclu-

sive [4] but did not discuss whether the order involved an important issue.

## C.

We turn now to our analysis of the appealability of pretrial grants of disqualification motions in civil cases under the collateral order doctrine.

■ As previously noted, an order must satisfy four requirements to be deemed final under this doctrine:

"The order must (1) conclusively determine the disputed question, (2) resolve an important issue, (3) be completely separate from the merits of the action, and (4) be effectively unreviewable on appeal from a final judgment."

*Public Service Comm'n v. Patuxent Valley, supra,* 300 Md. at 206, 477 A.2d at 762. It is our view that a pretrial order granting a motion to disqualify opposing counsel is subject to effective postjudgment review and thus fails to satisfy the fourth element of the collateral order doctrine. In light of this conclusion, we need not address the presence *vel non* of the first three elements of the collateral order doctrine and accordingly proceed directly to a discussion of the fourth element.

■ The fourth element of the collateral order doctrine is that the matter be effectively unreviewable on appeal from a final judgment on the merits of the lawsuit. This factor turns on whether there will be a serious risk of irreparable loss of the claimed right if appellate review is deferred until after trial. *Parrott v. State,* 301 Md. 411, 425, 483 A.2d 68, 75 (1984).

To answer the question of whether the present order is subject to meaningful postjudgment review, we must determine what a litigant, who claims to have been erroneously deprived of chosen counsel at trial, must demonstrate on a

---

4. "[A] disqualification order, *'though final,'* is not independent of the issues to be tried." *Richardson-Merrell,* 472 U.S. at 439, 105 S.Ct. at 2765, 86 L.Ed.2d at 351 (emphasis supplied).

postjudgment appeal in order to have the disqualification constitute reversible error.

In contradistinction to the Court in *Richardson-Merrell*, we start with the premise that the appellate courts of this State will not reverse a lower court judgment for harmless error: the complaining party must show *prejudice* as well as *error*. *Beahm v. Shortall*, 279 Md. 321, 330, 368 A.2d 1005, 1011 (1977) and cases cited therein. The harmless error doctrine is based on the policy that a new trial should not be granted because of an error that inflicted no harm. *Id.* As stated by our predecessors in *Joseph Bros. Co. v. Schonthal*, 99 Md. 382, 400, 58 A. 205, 210 (1904):

> "To justify reversal two things are essential. There must be error and there must be injury; and unless it is perceived that the error causes the injury there can be no reversal merely because there is error."

We have defined injury, or prejudice to the litigant, as error that influenced the outcome of the case. *State Roads Comm. v. Kuenne*, 240 Md. 232, 235, 213 A.2d 567, 568 (1965) and cases cited therein.

In civil cases, it is well established that the burden of demonstrating both error and prejudice is on the complaining party. *Beahm v. Shortall, supra,* 279 Md. at 330, 368 A.2d at 1011, and cases cited therein; *Kapiloff v. Locke*, 276 Md. 466, 472, 348 A.2d 697, 700 (1975).[5] It is our view, however, that, in civil cases, an erroneously imposed disqualification deprives a litigant of the right to chosen counsel.[6] If it is established on appeal that the disqualification

---

5. As to criminal cases *see Brooks v. State,* 299 Md. 146, 472 A.2d 981 (1984); *Ross v. State,* 276 Md. 664, 350 A.2d 680 (1976); *Dorsey v. State,* 276 Md. 638, 350 A.2d 665 (1976).

6. We leave for another day a detailed examination of the nature of this right. *See generally, Richardson-Merrell, Inc. v. Koller,* 472 U.S. 424, 442, 105 S.Ct. 2757, 2767, 86 L.Ed.2d 340, 354 (1985) (Stevens, J., dissenting) (right to chosen counsel in civil case fundamental right); *Powell v. Alabama,* 287 U.S. 45, 69, 53 S.Ct. 55, 66, 77 L.Ed. 158, 171 (1932) ("If in any case, civil or criminal, [courts] were arbitrarily to refuse to hear a party by counsel, employed by him and appearing for

was in error, we shall presume that the disqualified attorney's former client has been prejudiced and the burden will be on the party advantaged by the erroneous disqualification to prove that the disqualification did not influence the outcome of the litigation. As we see it, the presumption of prejudice, by relieving the complaining party of the burden of establishing prejudice, renders a disqualification order subject to effective postjudgment review. It follows that immediate review is not available under the collateral order doctrine.

We also note that in further proceedings in this case counsel's conduct will be governed by Rule 3.7 of the Rules of Professional Conduct (effective January 1, 1987) which provides:

"(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."

MOTION TO DISMISS GRANTED; COSTS TO BE PAID BY APPELLANT.

---

him, it reasonably may not be doubted that such a refusal would be a denial ... of due process."); *McCuin v. Texas Power & Light Co.,* 714 F.2d 1255, 1262–63 (5th Cir.1983) (right to chosen counsel in civil case based on due process and 28 U.S.C. § 1654, "Appearance personally or by counsel") and cases cited therein. *See also Matter of Abrams,* 62 N.Y.2d 183, 476 N.Y.S.2d 494, 465 N.E.2d 1 (1984) (same based in part on freedom of association). It is clear, however, that the right is not absolute and will yield to the State's interest in regulating the practice of law.