562 A.2d 1242

**SAFEWAY STORES, INC. et al.**

v.

**Patricia L. WATSON.**

**No. 17, Sept. Term, 1988.**

Court of Appeals of Maryland.

Sept. 6, 1989.

Jayson L. Spiegel (Eugene I. Kane, Jr., Jordan, Coyne, Savits & Lopata, all on brief), Rockville, for petitioners.

Leonard J. Ralston, Jr. (Ashcraft & Gerel, both on brief), Rockville, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, and BLACKWELL, JJ.

McAULIFFE, Judge.

At issue here is the proper interpretation of Maryland Rule 2–513, which deals with the exclusion of witnesses from the courtroom. Of particular concern is that portion of the Rule dealing with the right of a party that is not a natural person to designate a representative to remain in the courtroom.

This dispute arose at the commencement of a jury trial in the Circuit Court for Prince George's County. Patricia L. Watson (the claimant) had appealed an adverse finding of the Workmen's Compensation Commission, and was preparing to attempt to persuade a jury that she had suffered an accidental injury in the course of her employment with Safeway Stores, Inc. (Safeway).

Before voir dire, counsel for the claimant requested that all witnesses be excluded from the courtroom. Counsel for Safeway argued to the court that a Mr. Scheck, who was seated with him at counsel table, should be permitted to remain as the designated representative of Safeway. The attorney pointed out that Safeway was a self-insurer for the purposes of worker's compensation, and that Scheck was a claims adjuster for a company employed by Safeway to adjust worker's compensation claims. He said that Scheck had investigated this claim, and would testify on behalf of the employer. The trial judge ruled that Scheck was "not

entitled to the same privileges that a representative of a defendant would be, so he will have to go outside." Scheck remained for voir dire, but was excluded before opening statements were given, and returned only to give his testimony during the defendant's case. The jury found against Safeway, and it appealed to the Court of Special Appeals, raising several issues. The Court of Special Appeals affirmed in an unreported opinion, and we granted certiorari on the sole issue of whether Scheck was properly excluded.

Rule 2–513(a) provides as follows:

On motion of any party made before testimony begins the court shall order that witnesses other than parties be excluded from the courtroom before testifying, and it may do so on its own initiative or on motion of any party made after testimony begins. The court may continue the exclusion of a witness following the testimony of that witness if a party indicates that the witness may be recalled to give further testimony. A party that is not a natural person may designate a representative to remain in the courtroom, even though the representative may be a witness. An expert witness who is to render an opinion based on testimony given at the trial shall be permitted to remain during that testimony.

Two questions arise concerning the correct interpretation of this Rule: 1) what, if any, nexus is required between the "party that is not a natural person" and the person designated by that party to be its representative, and 2) to what extent, if any, does a trial judge have discretion to disapprove the designation made by that party?

In the case before us, the trial judge apparently felt that Safeway could only name an officer or employee as its designated representative, and that Scheck did not qualify because he was not a direct employee of Safeway. That interpretation, though perhaps consistent with the federal

rule on the subject,[1] has no support in the language or the history of Maryland Rule 2–513.

Concededly, the language of Rule 2–513 which permits Safeway to "designate a representative to remain in the courtroom even though the representative may be a witness," may admit of two interpretations. Under one interpretation, whomever Safeway appoints becomes its "representative." Under the other interpretation, Safeway may appoint only someone who is already its "representative." We think the history of our Rule favors the former interpretation, or at the very least an expansive reading of the term "representative" if the latter interpretation is accepted. In either case, Scheck would qualify as a person Safeway was entitled to appoint under the Rule.

The history of the practice of excluding witnesses as an effective measure to promote the search for truth may be traced to biblical times.[2] The development of an exception for parties that are not natural persons is of more recent vintage. Until 1972, our civil and criminal rules pertaining to the exclusion of witnesses contained only one exception, and that related to an expert witness who was to render an opinion based on testimony given at the trial. In 1972, the civil rule, then Rule 546, was renumbered to Rule 536 and

---

**1.** Federal Rule of Evidence 615 excepts from the general operation of the rule of exclusion of witnesses "an officer or employee of a party which is not a natural person designated as its representative by its attorney."

**2.** Professor Wigmore traces the practice to Daniel's Judgment in the case of Susanna and the Elders, as recorded in *The History of Susanna* vv. 36–64 (Apocrypha). In that story, Daniel utilized the separation of witnesses to undermine the testimony of the elders, men who coveted a beautiful woman named Susanna. The elders accused Susanna, the wife of Joacim, of committing adultery in a garden. Daniel asked each elder separately, so that they could not hear the other elder's testimony, the question, "Under which tree did the alleged crime take place?" When their answers were inconsistent, the crowd that was observing concluded that the elders had lied, and put the elders, instead of Susanna, to death. 6 *Wigmore on Evidence* § 1837 at 455–56 (Chadborne rev. 1976).

was amended to add this sentence: [3]

> A party which is a corporation or association, with the approval of the court, may designate a representative to remain in the courtroom even though such representative may be a witness.

In 1984, Rule 536 became Rule 2–513, and the exclusion in question was rewritten to read, as it does now:

> A party that is not a natural person may designate a representative to remain in the courtroom, even though the representative may be a witness.

Two things are significant about the change in language accomplished in 1984. First, the formerly more restrictive description of "a party which is a corporation or association" was expanded to "a party that is not a natural person." Second, the discretion formerly given the trial judge by the words "with the approval of the court" was removed. The discussion of the Rules Committee in considering these changes, as reflected in the minutes of the February 12, 1981, meeting, is illuminating:

> A member questioned whether a court can prohibit a party which is not a natural person from designating a representative to remain in the courtroom. The language "with approval of the court" seems to so indicate. Some members felt that the phrase was originally intended to give a court discretion to disapprove designation of a particular representative when the person designated seemed inappropriate but that the phrase was not intended to serve as a device for prohibiting designation altogether. Some members suggested that the Rule require a representative to be an employee but others felt that

---

**3.** The corresponding criminal rule was not amended to include this exception until 1984, when Rule 4–321 was adopted. *Johnson v. State,* 283 Md. 196, 388 A.2d 926 (1978), holding that the State was not entitled to designate a representative to remain when witnesses were excluded, was decided under the former rule. The criminal rule of exclusion is also subject to exceptions later created by the legislature. *See* Maryland Code (1957, 1987 Repl.Vol.) Art. 27, § 620, pertaining to the rights of victims to be present after testifying at a criminal trial.

valid reasons may exist, at times, for designation of a non-employee as the party's representative. It was moved and seconded that the phrase "with the approval of the court" be deleted. This motion carried 15–5.

■■■■ The language and history of Rule 2–513 make it clear that a party that is not a natural person has very broad latitude in the selection of a representative when witnesses are excluded, and the exercise of this right is not subject to the discretion of the trial judge.[4] We need not decide here whether Safeway could have gone to central casting for the selection of its representative. Scheck, who was an employee of a firm under contract with Safeway to investigate and adjust worker's compensation claims filed against Safeway, and who had been assigned to this case from its inception, was eligible to be designated by Safeway as its representative under either interpretation of the Rule. And, as we have seen, the discretion that once reposed in the trial judge in connection with such matters was removed by the 1984 amendment to the Rule.[5] It was error to deny Safeway the right to have Scheck present at Safeway's counsel table as its representative throughout the trial.

■■■■ The final question is whether that error requires that the judgment against Safeway be reversed and the matter remanded for a new trial. The claimant argues that the burden is upon Safeway not only to demonstrate error,

---

**4.** Of course, the trial judge has inherent authority to remove parties, witnesses, and spectators under certain circumstances, where that action is necessary to preserve decorum or to continue the orderly proceedings of the court, and a designated representative of a party is not exempt from the operation of that authority.

**5.** The claimant also argued that the use of the word "may" in the clause "a party that is not a natural person may designate a representative to remain in the courtroom" must be read as a grant of discretion to the trial judge. We disagree, not only because of the "legislative history" of the Rule, but because the grammatical effect of the word "may" as used in this sentence is simply to afford the party the option of making a designation, and has nothing to do with the discretion of the court once that option is exercised.

but also to show that the error was prejudicial. *Beahm v. Shortall*, 279 Md. 321, 330, 368 A.2d 1005 (1977); *Kapiloff v. Locke*, 276 Md. 466, 472, 348 A.2d 697 (1975); *Joseph Bros. Co. v. Schonthal Co.*, 99 Md. 382, 400, 58 A. 205 (1904). Safeway concedes that the claimant correctly states the general rule, but argues that under the circumstances of this case, where Safeway was denied an important right that was very likely prejudicial to it but where actual prejudice is difficult to prove, the burden should be on the "party advantaged by the erroneous disqualification to prove that the disqualification did not influence the outcome of the litigation." *Harris v. Harris*, 310 Md. 310, 320, 529 A.2d 356 (1987).

We conclude that it is appropriate to presume prejudice from the wrongful exclusion of a party, or its representative, from a trial. Experienced trial attorneys and judges understand the importance of "humanizing" a corporate defendant in a jury trial. Moreover, a party is entitled to be present to have a firsthand view of the proceedings for purposes of evaluating the constantly changing prospects or exigencies for settlement, and to participate in tactical decisions that must be made, sometimes quickly, in the course of a trial. Finally, the attorney for Safeway was deprived of the presence at his side of the principal investigator in the case. Whether we consider these facts as mounting up to the necessary proof of prejudice by Safeway, or simply consider them in determining that a presumption of prejudice is appropriate in this case, the result is the same. The claimant has not overcome the proof or presumption, and the result must be a new trial.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND, AND REMAND THE CASE TO THAT COURT FOR A NEW TRIAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT.