639 A.2d 142

Levon Anne BOBBITT

v.

ALLIED–SIGNAL, INC. et al.

No. 93, September Term, 1993.

Court of Appeals of Maryland.

April 8, 1994.

Philip Sturman (Lloyd D. Lurie, Ingerman & Horwitz, on brief), Baltimore, for petitioner.

David A. Skomba (Rudolph L. Rose and Heather H.P. Vovakes, Semmes, Bowen & Semmes, on brief), Baltimore, for respondent.

Before MURPHY, C.J., RODOWSKY, CHASANOW, KARWACKI, ROBERT M. BELL, RAKER, and CHARLES E. ORTH, Jr.* (retired, specially assigned), JJ.

RAKER, Judge.

Levon Anne Bobbitt (Bobbitt) filed a claim with the Maryland Workers' Compensation Commission against her employer, Allied–Signal, Inc. (Allied), and its insurer, Travelers Indemnity Insurance Company of Illinois (Travelers). After the Commission denied her claim, Bobbitt appealed to the Circuit Court for Baltimore City and requested a jury trial. Following two and one-half days of trial, the jury returned a verdict in favor of Bobbitt. Allied and Travelers appealed to the Court of Special Appeals arguing, *inter alia,* that they were entitled to a new trial because the trial court had erroneously

---

\* Orth, J., retired, and specially assigned, participated in the hearing, conference, decision and adoption of this opinion but died prior to the filing of the opinion.

excluded Allied's designated representative from the courtroom during a significant portion of Bobbitt's direct examination. The Court of Special Appeals found that error had been committed; reversed the judgment and remanded the case for a new trial. *Allied–Signal, Inc. v. Bobbitt,* 96 Md.App. 157, 623 A.2d 1311 (1993). We granted Bobbitt's petition for writ of certiorari to determine whether the error committed by the trial court in temporarily excluding Allied's designated representative from the courtroom requires a new trial.[1]

## I.

Bobbitt had worked for Allied as an electronic assembler and repair person for approximately seven years when she reported difficulties with her left arm and shoulder. On December 21, 1990, Bobbitt filed a claim with the Maryland Workers' Compensation Commission alleging that she had developed an occupational disease (left shoulder impingement syndrome) during the course of her employment with Allied. After a full evidentiary hearing on July 18, 1991, the Commission found that Bobbitt did not sustain an occupational disease and, therefore, disallowed her claim. Bobbitt appealed to the Circuit Court and prayed a jury trial.

The case was heard on February 11 through February 13, 1992. On February 11, the court conducted jury selection and the parties made their opening statements. On the morning of February 12, before the jury was brought into the courtroom, counsel for Allied moved to sequester the witnesses. The trial court granted Allied's motion. Counsel for Bobbitt then asked the court to sequester Mr. James Sweeney, the designated representative for Allied and Bobbitt's supervisor, because Mr. Sweeney was to be a witness at the trial. Counsel for Allied objected and contended that under *Safeway Stores, Inc. v. Watson,* 317 Md. 178, 562 A.2d 1242 (1989), Mr. Sweeney, as the designated corporate representative, should

---

1. Travelers, as insurer for Allied, joined as a respondent in this appeal.

be permitted to remain in the courtroom. After a brief hearing, the trial court excluded Mr. Sweeney.

The jury was then brought into the courtroom and Bobbitt, the first witness in the case, began to testify. Before the conclusion of Bobbitt's direct examination, the trial court called counsel to the bench. The following discussion ensued:

THE COURT: Counsel, I interrupted and asked you to approach the bench because I had my law clerk get *Safeway Stores Incorporated vs. Watson.* Sometimes my last nerve is plucked and I apologize for making a ruling and I haven't checked the case first, but I wanted to have the case right there. Mr. Sturman [counsel for Bobbitt], you raised an issue. There is such a privilege one being *Safeway vs. Watson.* In that case, Judge McAuliffe said, we need not decide here whether Safeway could have gone to central casting for the selection of its representative. In that case, the representative was the claims adjuster for a self-insured employer, but at any rate, it is very clear from the ruling in the case that they could have him here.

[COUNSEL FOR BOBBITT]: The only reason I objected, this claims adjuster was not a witness in the case.

THE COURT: It doesn't make any difference, the rule is clear, you can have a designee, and the designee can be a witness. He can go out and get the designee.

[COUNSEL FOR ALLIED]: Unfortunately she's half-way finished with her testimony.

THE COURT: Well, you are going to cross examine.

[COUNSEL FOR ALLIED]: Thank you. Shall I go out and get him now.

THE COURT: Yes.

The trial judge, recognizing error in excluding Mr. Sweeney, permitted him to return to the courtroom and take his place at

counsel table.[2] The trial reconvened, absent any request for further relief by counsel for Allied.

## II.

In *Safeway Stores, Inc. v. Watson*, 317 Md. 178, 562 A.2d 1242 (1989), this Court had the opportunity to consider the proper interpretation of Maryland Rule 2–513,[3] Exclusion of Witnesses. In *Watson*, the trial court excluded Safeway's designated representative from the entire trial on the basis that he was a claims adjuster for a company employed by Safeway to adjust worker's compensation claims and was not a direct employee of Safeway. *Id.* at 180, 562 A.2d 1242. We stated that "a party that is not a natural person has very broad latitude in the selection of a representative when witnesses are excluded, and the exercise of this right is not subject to the discretion of the trial judge." *Id.* at 183, 562 A.2d 1242 (footnote omitted). Safeway, acknowledging the

---

**2.** Bobbitt and Allied measure the time of exclusion differently. Bobbitt claims that Mr. Sweeney was sequestered for only fifteen minutes; Allied claims that Mr. Sweeney was excluded for approximately nineteen of twenty-one transcript pages of Bobbitt's direct examination. Regardless of how we measure the time of exclusion, it is clear that Mr. Sweeney was absent from the courtroom for the greater part of Bobbitt's direct examination.

**3.** Maryland Rule 2–513 provides in pertinent part:
(a) Exclusion.—On motion of any party made before testimony begins the court shall order that witnesses other than parties be excluded from the courtroom before testifying, and it may do so on its own initiative or on motion of any party made after testimony begins. . . . A party that is not a natural person may designate a representative to remain in the courtroom, even though the representative may be a witness. . . .
On July 1, 1994, this Rule will be replaced by Rule 5–615, which provides in pertinent part:
(b) Witnesses not to be Excluded.—A court shall not exclude pursuant to this Rule

  *  *  *  *  *  *

(2) an officer or employee of a party that is not a natural person designated as its representative by its attorney.
This Rule may restrict the class of persons who may be designated as representatives of a party. *See Safeway Stores, Inc. v. Watson,* 317 Md. 178, 180–81 & n. 1, 562 A.2d 1242 (1989).

general rule that a party must show prejudice as well as error in order to prevail, argued that:

> under the circumstances of this case, where Safeway was denied an important right that was very likely prejudicial to it but where actual prejudice is difficult to prove, the burden should be on the "party advantaged by the erroneous disqualification to prove that the disqualification did not influence the outcome of the litigation."

*Id.* at 184, 562 A.2d 1242 (quoting *Harris v. Harris,* 310 Md. 310, 320, 529 A.2d 356 (1987)). Although this Court concluded that "it is appropriate to presume prejudice from the wrongful exclusion of a party, or its representative, from a trial," *id.,* 317 Md. at 184, 562 A.2d 1242, we went on to state:

> Whether we consider these facts as mounting up to the necessary proof of prejudice by Safeway, or simply consider them in determining that a presumption of prejudice is appropriate in this case, the result is the same. The claimant has not overcome the proof or presumption, and the result must be a new trial.

*Id.* at 184, 562 A.2d 1242. Thus, we held that Safeway properly designated the claims adjuster as its representative pursuant to Rule 2–513, that the trial judge committed reversible error in excluding him from trial, and that a new trial was mandated. *Id.*

In light of our decision in *Watson,* there is no question that the trial judge in the case *sub judice* erred in excluding Mr. Sweeney from the courtroom. Allied argues that the presumption of prejudice enunciated in *Watson* arising from the wrongful exclusion of its designated representative has not been overcome and that it is entitled to a new trial.

### III.

As a threshold question, we must first decide whether the issue of prejudice has been properly preserved for our review. We find it has not.

Allied argues that counsel objected and apprised the trial judge of the *Watson* case prior to Mr. Sweeney's exclusion. Allied further argues that after the trial court decided to allow Mr. Sweeney to return to the courtroom, counsel again noted an objection by stating "[u]nfortunately she's half-way finished with her testimony." Allied contends that the response of the trial judge, "[w]ell, you are going to cross examine," is evidence that the trial judge was impatient, that she would not entertain any further argument on the issue, and that any further objection would have been futile.

We do not agree that the comments of the trial judge indicate an unwillingness to consider further relief. Although the trial judge recognized that she may have been somewhat impatient when the issue was first raised, the record does not support Allied's contention that when Mr. Sweeney was allowed to return to the courtroom the trial judge prevented counsel from making a proper record. If the trial judge was unduly impatient or oppressive after she took the corrective action, it was incumbent upon counsel for Allied to elucidate the record. *See State v. Larmond,* 244 N.W.2d 233, 237 (Iowa 1976) ("making an appropriate objection and record relating to prejudicial conduct of the presiding court takes a special brand of courage"); *see also Garrett v. State,* 59 Md.App. 97, 105, 474 A.2d 931, *cert. denied,* 300 Md. 483, 479 A.2d 372 (1984). The record, as it stands, is devoid of support for Allied's claim that a further objection would have been futile.

Bobbitt maintains that after the trial judge took corrective action, if Allied was dissatisfied and wanted additional relief such as a mistrial, it was incumbent upon Allied to request further relief from the trial court. After Mr. Sweeney was permitted to take his place at counsel table, there was no request for a mistrial or any additional corrective action, such as a recess to confer with Mr. Sweeney or to review a transcript of the proceedings or a curative instruction to the jury to explain the absence of Mr. Sweeney. In short, Bobbitt argues that only after the jury returned an unfavorable verdict did Allied cry prejudice and request a new trial based on Mr. Sweeney's absence.

■ We agree with Bobbitt and Judge Alpert, *Allied Signal, Inc. v. Bobbitt,* 96 Md.App. 157, 169, 623 A.2d 1311 (1993) (Alpert, J., dissenting), that Allied's failure to further object to the manner in which the trial judge remedied the situation is in the nature of a waiver of this issue.

The trial judge recognized her error and quickly took steps to remedy the situation by allowing Mr. Sweeney to return to the courtroom and take a seat at the trial table. If the exclusion was prejudicial and infringed upon Allied's right to a fair trial, then counsel for Allied had an obligation, by way of moving for a mistrial or request for other corrective action, to inform the trial judge that the remedy was inadequate.

■ Under the circumstances, if Allied did not intend to acquiesce in the court's corrective action, Allied was required to object or request further relief. *Bayer v. Siskind,* 247 Md. 116, 124, 230 A.2d 316 (1967). A party cannot lie back and be heard to complain only after an adverse verdict has been returned. *Kink v. Combs,* 28 Wis.2d 65, 135 N.W.2d 789, 793 (1965); *see also Okland v. Wolf,* 258 Mont. 35, 850 P.2d 302, 308–09 (1993) (Appellant "chose to submit his case to the jury based on the posture that it was in. He is, therefore, precluded from requesting relief in the nature of a mistrial for the first time on appeal after receiving a verdict from the jury that he considers adverse."); *Capps v. Manhart,* 236 Neb. 16, 458 N.W.2d 742, 747 (1990).

This Court had the occasion to address an analogous situation in *Brinand v. Denzik,* 226 Md. 287, 173 A.2d 203 (1961). In *Brinand,* counsel for the appellant objected to certain remarks made by counsel for the appellee during closing argument to the jury. The trial judge sustained the objections and instructed counsel for the appellee to refrain from making these remarks. This Court noted that "[n]o further argument along these lines was made. Miss Brinand's counsel made no further issue of the allegedly objectionable remarks," *id.* at 290, 173 A.2d 203, and that "[t]he record discloses that the appellant did not ask the trial court to declare a mistrial when the remarks were made, and did not then or at any time

before the jury retired request the court to instruct the jury to disregard them." *Id.* at 292, 173 A.2d 203. We found that any claim of prejudice was waived because the "appellant had the opportunity to protect herself from any possible prejudicial effects of the allegedly improper remarks of counsel for appellee, but failed to do so." *Id.* at 293, 173 A.2d 203.

█ In the case *sub judice,* counsel for Allied failed to argue to the trial judge that which is now argued to this Court—that his client suffered incurable prejudice as a result of Mr. Sweeney's exclusion. When a trial judge corrects an error at trial, the aggrieved party may not remain silent and expect to have two attempts to obtain a favorable verdict. It is incumbent upon that party to make the trial judge aware of its position and give the trial judge an opportunity to take further corrective action if deemed necessary. In light of Allied's failure to do so, we hold that the error was not preserved for review.

## IV.

█ Even if Allied had properly preserved this issue for our consideration, we would conclude that the trial judge committed harmless error when she temporarily excluded Allied's designated representative.

In *Watson,* the designated representative for Safeway was excluded for all of the trial testimony: he was excluded prior to opening statements and returned to the courtroom only when he was called to testify. In addition to the benefit of "humanizing" a corporate defendant in a jury trial, this Court noted the advantage of the presence of the principal investigator for purposes of evaluating the case and to participate in tactical decisions that must be made during the course of a trial. *Watson,* 317 Md. at 184, 562 A.2d 1242.

Allied argues that although the exclusion was only temporary, it occurred during the direct examination of Bobbitt's most important witness—Bobbitt herself. Allied further argues that Mr. Sweeney assisted counsel for Allied throughout his preparation for trial, met with counsel on several occasions

prior to the Workers' Compensation Commission hearing and in the course of trial preparation, and was actively involved in tactical decisions concerning Allied's defense of Bobbitt's claim.

Here, unlike *Watson*, Mr. Sweeney was promptly asked to return to the courtroom once the trial judge realized her error. Mr. Sweeney was therefore present for the following: voir dire, opening statements, a small portion of Bobbitt's direct examination, cross examination of Bobbitt, redirect examination of Bobbitt, recross examination of Bobbitt, the video tape deposition of Bobbitt's expert witness, the complete testimony of Bobbitt's co-worker, the video tape deposition of Allied's expert witness, his own testimony, jury instructions and closing argument.

Given Mr. Sweeney's presence for most of the two and one-half days of trial, Allied was clearly "humanized." Any prejudice resulting from this missed testimony is offset by the fact that Mr. Sweeney had already heard virtually the same testimony when he was present at the Workers' Compensation Commission hearing.[4] Mr. Sweeney was, therefore, aware of what Bobbitt's testimony would be at trial. Furthermore, it can be inferred that Mr. Sweeney's absence was not prejudicial to Allied's case in light of the failure of Allied's counsel to ask for a recess to apprise Mr. Sweeney of what transpired in his absence and his failure to take any other action to apprise the trial judge of the alleged prejudice.

The trial judge obviously found that Allied suffered no prejudice as a result of the erroneous exclusion of Mr. Sweeney. *See Tibbs v. State,* 72 Md.App. 239, 253, 528 A.2d 510 (trial judge in best position to evaluate prejudice), *cert. denied,* 311 Md. 286, 533 A.2d 1308 (1987). This is evidenced by her comments to counsel and her attempt to take what appeared

---

**4.** Although the testimony at trial was not verbatim to that at the Workers' Compensation Commission hearing, the substance of the testimony was consistent. As Bobbitt notes in her brief, counsel for Allied did not once impeach Bobbitt with her prior testimony. Brief for petitioner at 12, n. 4.

to be adequate remedial action. If Allied believed that a new trial was necessary because of Mr. Sweeney's exclusion, it had an obligation to promptly make that request. Allied could not stand silent, continue with the trial, and only request a new trial after the jury returned an adverse verdict. *See Webb v. Oxley*, 226 Md. 339, 346, 173 A:2d 358 (1961), *cert. denied*, 369 U.S. 803, 82 S.Ct. 642, 7 L.Ed.2d 550 (1962).

The facts and circumstances of this case are markedly different from those in the *Watson* case. Even if this issue had been preserved for our review, we would find that any prejudice suffered by the employer, Allied, was at best *de minimus* and could not have influenced the outcome of the litigation.[5] *Beahm v. Shortall*, 279 Md. 321, 330–31, 368 A.2d 1005 (1977); *See State Deposit v. Billman*, 321 Md. 3, 15–18, 580 A.2d 1044 (1990). It is well established that we will not reverse a case for harmless error.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENTS.*

---

5. We need not decide whether a presumption of prejudice is applicable in this case because the result is the same. Even if we were to presume prejudice, it would have evaporated upon review of this record. *See Wilson v. State*, 281 Md. 640, 659, 382 A.2d 1053, *cert. denied*, 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978).